STATE v. L. A. YOUNG.

(Filed 23 September, 1936.)

**1. Criminal Law G i—Handwriting expert should be allowed to give reasons for his opinion based upon comparison of writings.**

Where the conclusion of a handwriting expert to the effect that the forgery in question was not executed by defendant is properly admitted in evidence, it is error for the court to exclude from the evidence the testimony of the expert as to the reasons upon which he based his conclusion, since such testimony tends to strengthen and enhance his testimony and afford the jury an opportunity to determine the soundness of his conclusion.

**2. Criminal Law L f—**

The admission in evidence of testimony of a handwriting expert as to some of the reasons for his conclusion that the forgery in question was not executed by defendant does not cure error in the exclusion of his testimony as to other reasons for his conclusion.

APPEAL by the defendant from *McElroy, J.,* at March Term, 1936, of BUNCOMBE. New trial.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*
*F. E. Alley, Jr., and Jones & Ward for defendant, appellant.*

SCHENCK, J. The defendant was convicted upon a two-count bill of indictment charging him with forging and uttering a forged check purporting to have been drawn on the account of the Asheville Construction Company with the First National Bank and Trust Company of Asheville, and, as is stated in appellant's brief, "there was no question but what the checks introduced by the State were forged. The only question was as to whether or not the defendant was the guilty party."

G. A. DeLand, introduced as a witness for the defendant, was found by the court to be a handwriting expert, and, after testifying that he had seen the defendant write and had examined checks admittedly signed by him, was asked the following question and made the following reply:

"Q. I wish you would state whether or not, in your opinion, having seen L. A. Young write his name and other instruments, whether or not the name, Raymond C. Williams, on the back of the alleged forged checks is in the handwriting of L. A. Young?

"A. It is not, because the writing on the back of the checks is a smooth, even, fast writing, and the endorsements on all these checks

show considerably more training in handwriting than L. A. Young could possibly exhibit at one time."

To the latter part of the answer, giving the reasons of the witness for his opinion, the court sustained an objection lodged by the State. And later in his testimony, in explaining why he was of the opinion that the endorsement of the check alleged to have been forged was not in the handwriting of the defendant, the witness testified: "I find that in the small letter 'a' there is a difference. It is written two ways, open at the top and closed at the top. There is a natural deviation. We find in specimen submitted that the 'a's' in practically every instance are closed. Once or twice we find a small opening at the top, but the tendency is toward closed. There is a certain set way of making those 'a's.'" The court likewise sustained the objection of the State to the foregoing testimony, and, upon motion of the State, struck from the record both of the quoted reasons given by the witness for his opinion. This action of the court is duly assigned as error by the defendant, and we are of the opinion, and so hold, that such assignment of error must be sustained.

Our holding is based upon the fact that the conclusion of a handwriting expert as to the authenticity or nonauthenticity of a signature, standing alone, might be of little or no probative force, but if his conclusion be supported by cogent reasons, it would be strengthened and its value as evidence correspondingly enhanced. When the reasons of the witness are given, the jury are afforded a better opportunity to determine the soundness of his conclusion.

In L. R. A., 1918-D, at page 647, it is written: "The evidence of an expert in handwriting is of two classes: (1) Where he simply gives his opinion—which necessarily has only the weight of his learning and character as recognized by the jury; (2) where he gives the reasons on which his opinion is based. An expert witness in handwriting may give the reasons on which he bases his opinion. It is reversible error to refuse to allow him to give the reasons for his opinion, or to conduct the trial in such a manner that he is unable to give connected reasons for his opinion." See, also, *People v. Molineux*, 58 N. Y. Supp., 155; *Venuto v. Lizzo*, 132 N. Y. Supp., 1066; *State v. Ryno*, 68 Kan., 348.

The fact that the witness was allowed, without objection, to explain to some extent how and why he reached the conclusion that the check alleged to have been forged was not endorsed by the defendant does not render harmless the striking from the record of a portion of his explanation or of some of the reasons given.

New trial.